

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,157-02

### EX PARTE DON MYCHEL GREEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16-2635-CR-B-A IN THE 274TH DISTRICT COURT FROM GUADALUPE COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of possession of a controlled substance with intent to deliver and sentenced to seven years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being denied due process in the parole revocation process. Applicant alleges that while out on parole he was arrested for new charges, but no formal charges have been filed. He says a parole revocation warrant was issued and executed, but he has been held for more than 41 days without a parole revocation hearing and without being formally charged with the new offense.

Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE Sec. 508.282*; Morrissey v. Brewer*, 408 U.S 471 (1972). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).     It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent.  If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.  TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether Applicant has been advised of his rights in the revocation process, whether he requested or has received a preliminary hearing, and whether he has received a final revocation hearing. The trial court shall make findings of fact as to whether Applicant was arrested for a new offense, and if so, whether he has been formally charged with a new offense. The trial court shall make findings of fact and conclusions of law as to whether Applicant is being afforded due process in the parole revocation process. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: December 8, 2021
Do not publish